## In re John F. LALLO.

## No. 00–515–M.P.

Supreme Court of Rhode Island.

March 19, 2002.

J. Renn Olenn, Warwick.

John A. MacFadyen, III, Providence, Robert Senville, Rumford.

### ORDER

On April 3, 2001, this Court issued an Opinion in this matter wherein we remanded this proceeding to the Commission on Judicial Tenure and Discipline (the commission) for a recalculation of the recommended monetary sanction to be imposed on respondent Lallo. Following the remand, the commission's report and recommendation relative to the recalculated sanction was to be returned to this Court for our consideration (see *In Re Lallo*, 768 A.2d 921 (R.I.2001)). The commission has now issued a supplemental report and recommendation in compliance with our instructions. Respondent Lallo initially moved to file a brief addressing the supplemental report and recommendation, but upon further reflection, he has requested an order of remand returning the matter to the commission with instructions to provide him an opportunity to be heard before the commission on the sanctions issue. Operation Clean Government (OCG) has moved for leave to file an *amicus curiae* brief relative to the commission's supplemental report and recommendation, and we hereby acknowledge the filing of such brief, which was submitted by OCG along with its motion. Upon consideration of respondent's motions, we hereby deny the motion for remand, but treating his memoranda in support of the remand request as his brief herein, we grant the motion to file such brief.

Upon careful review of the commission's supplemental report and recommendation, we conclude that the appropriate sanction to be imposed upon respondent in these circumstances is $19,657.00. This figure includes the value of respondent's services lost to the state as calculated by the commission ($13,290.00), plus certain of the commission's out-of-pocket expenses comprising the costs of prosecution, namely, the accountant's fee ($5,175.00), the stenographer's fee ($442.00), and the administrative expenses ($750.00). We have omitted from the commission's cost-of-prosecution figure the amount representing the commission's counsel fee, consistent with this Court's traditional policy of declining to award such counsel fees, absent a contractual or statutory basis for such an award.

Accordingly, a sanction in the amount of $19,657.00 is hereby imposed upon Respondent Lallo in the form of restitution to the state for the lost time and for the prosecution costs attributable to respondent's misconduct.